Peter S. Sloane
Yuval H. Marcus
Cameron S. Reuber
LEASON ELLIS LLP
One Barker Avenue, 5th Floor
White Plains, New York 10601
Phone: (914) 288-0022
Fax:  (914) 288-0023

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HOYOS LABS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>EYEVERIFY INC.,<br><br>    Defendant. | Civil Action No.<br><br>ECF Case<br><br>Jury Demanded |

## COMPLAINT

Plaintiff Hoyos Labs LLC ("Hoyos" or "Plaintiff"), by and through its attorneys Leason Ellis LLP, as and for its Complaint against Defendant EyeVerify Inc. ("EyeVerify" or "Defendant"), hereby alleges as follows:

## THE PARTIES

1. Plaintiff Hoyos is a limited liability company organized under the laws of Delaware with a principal business address at 25 West 53rd Street, 14th Floor, New York, New York 11374.

2. Upon information and belief, Defendant EyeVerify is a Delaware corporation with its principal place of business at 1712 Main Street, 5th Floor, Kansas City, Missouri 64108.

## JURISDICTION

3. This Court has personal jurisdiction over Defendant by reason of its transaction of business in the State of New York and in this District and the commission of tortious acts within the State of New York and in this District pursuant to New York's C.P.L.R. §§ 301 and 302.

4. The subject matter jurisdiction of this Court over Count I rests upon causes of action arising under the Trademark Act of 1946 (as amended), 15 U.S.C. §§ 1051 et seq. Therefore, this Court has original jurisdiction over this Count pursuant to 15 U.S.C. § 1121, and 28 U.S.C § 1338(a).

5. Counts II through III are joined as substantial and related claims and, accordingly, subject matter jurisdiction for these Counts is conferred upon this Court pursuant to 28 U.S.C. §1338(b) and the doctrine of pendent jurisdiction.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## FACTS COMMON TO ALL COUNTS

**Plaintiff's Activities**

7. Hoyos is a leading global authentication infrastructure and digital property security company devoted to developing highly secured identity assertion platforms capable of authenticating and assuring identities quickly, yet accurately.

8. Headquartered in New York, Hoyos has offices and research labs around the world, including in Cambridge, Philadelphia, Puerto Rico, the United Kingdom, Romania, and China.

9. Hoyos' technologies protect people from online identity theft and from the hassle of remembering usernames and passwords. Its technology can also be incorporated with third-party corporate databases, giving institutions and their consumers needed security.

10. Among the company's product offerings is 1U, an app for smartphones that uses biometrics (including periocular, iris and facial recognition) and pattern matching technology to verify that a person attempting to log-on to a system or complete a transaction is in fact who he or she says they are.

11. The company's technologies and products are particularly well-suited to financial institutions that require sophisticated authentication solutions to protect their customers' sensitive financial data.

**Defendant's Activities**

12. Upon information and belief, Defendant is a competitor of Plaintiff.

13. Upon information and belief, Defendant is a company that offers biometric authentication software products that are marketed and sold to financial institutions, among others, including to customers and potential customers of Plaintiff.

14. Upon information and belief, Defendant offers a smartphone app for user identity verification and authentication called "Eyeprint ID."

15. Upon information and belief, Defendant makes claims about its Eyeprint ID technology which are patently false. Among other things, Defendant states on its website and elsewhere that its Eyeprint ID app uses smartphone cameras to image and pattern match the

unique red blood vessels in the whites of the eye (*i.e.*, the sclera). A printout of the web page at www.eyeverify.com/product-technology/products is attached as **Exhibit A**.

16. Specifically, Defendant promotes its product by claiming that every person has a unique pattern of blood vessels visible in the whites of their eyes, which their EyeVerify product has termed the Eyeprint. Defendant further claims that each person has four Eyeprints – two in each eye – with the individual patterns of each consisting of enough unique feature points such that they can be used to authenticate an individual user who enrolls in the products' user database via use of "a regular selfie camera." That is, Defendant claims that its Eyeprint ID product "converts Eyeprints into a high entropy encryption key for secure biometric authentication through a complex process of tagging, chaffing and encoding" in a manner that "is completely revocable and cannot be reverse engineered."

17. Plaintiff has conducted tests and analyses of the Eyeprint ID product and determined, upon information and belief, that the Eyeprint ID product does not, in fact, use the blood vessels in eye-whites as a basis for matching the identities of users. Instead, Defendant's Eyeprint ID product, upon information and belief, merely uses periocular algorithms as a means of verification and authentication. The term "periocular" as used herein means the area surrounding the eye.

18. Upon information and belief, Defendant has used the false statement about its capture and use of blood vessels in the eye-whites in making other expressly or impliedly false statements, such as about the accuracy of its technology, in commercial advertising to sell its Eyeprint ID product.

19. Upon information and belief, Defendant has specifically used the false statement about its capture and use of blood vessels in the eye-whites in commercial advertising to sell its

Eyeprint ID product to banks and corporations in this Judicial District, including, but not limited to, the same banks and corporations that comprise Plaintiff's customer base.

20. As such, the statements made by Defendant in advertising its Eyeprint ID product are untrue, misleading, deceptive, and unfair.

21. The aforesaid activities of Defendant have damaged Plaintiff and are likely to continue to damage Plaintiff unless otherwise restrained.

## **COUNT I**
*(Federal False Advertising under 15 U.S.C. §1125(a))*

22. Plaintiff repeats and realleges the averments contained in all preceding Paragraphs as if fully set forth herein.

23. Count I is for federal false advertising pursuant to 15 U.S.C. § 1125(a).

24. Defendant has made false and misleading descriptions and representations of fact, which misrepresent the nature, characteristics and qualities of its goods, in commercial advertising and promotion for its Eyeprint ID product.

25. By reason of the foregoing, Plaintiff is being damaged by Defendants' activities and will continue to be damaged unless Defendant is enjoined from the aforesaid acts.

26. Plaintiff has no adequate remedy at law.

## **COUNT II**
*(Unfair Competition under New York Common Law)*

27. Plaintiff repeats and realleges the averments contained in all preceding Paragraphs as if fully set forth herein.

28. Count II is for Defendant's unfair competition against the Plaintiff based on its advertisement, promotion, sale, and/or offering for sale of products and services utilizing

-5-

statements of fact that are not true in violation of New York's common law of unfair competition.

29. By reason of the foregoing, Plaintiff is being damaged by Defendants' activities and will continue to be damaged unless Defendant is enjoined from continuing to commit the aforesaid acts.

30. Plaintiff has no adequate remedy at law.

## COUNT III
*(Deceptive Acts and Practices and False Advertising under New York Statutory Law)*

31. Plaintiff repeats and realleges the averments contained in all preceding Paragraphs as if fully set forth herein.

32. Count III is for Defendant's unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue and misleading advertising in violation of New York General Business Law § 349 (deceptive acts and practices) and § 350 (false advertising).

33. The aforesaid acts of Defendant, namely Defendant's misrepresentation of the nature, characteristics, qualities, origin, and/or affiliation of its product, constitutes unlawful and deceptive acts and practices which result in a likelihood of confusion and deception of the public.

34. Defendant has engaged in unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue, and misleading advertising in violation of New York General Business Law § 349.

35. Such actions by Defendant also constitute false and misleading advertising in violation of New York General Business Law § 350.

36. By reason of the foregoing, Plaintiff is being damaged by Defendant's activities and will continue to be damaged unless Defendant is enjoined from continuing to commit same.

37. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

i. An Order permanently enjoining and restraining Defendant, its subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents and wholly owned or partially owned entities of the party, and any entities acting or purporting to act for or on behalf of the foregoing, including any agents, employees, representatives, officers, directors, servants, partners, and those persons in active concert or participation with them, from falsely advertising that Defendant's products utilize blood vessels in the whites of eyes as a means for authenticating identities, and from making any other false and misleading descriptions and representations of fact.

ii. An Order permanently enjoining Defendant, its subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents and wholly owned or partially owned entities of the party, and any entities acting or purporting to act for or on behalf of the foregoing, including any agents, employees, representatives, officers, directors, servants, partners, and those persons in active concert or participation with them, from engaging in any acts of unfair competition and/or deceptive trade practices by falsely stating that Defendant's products utilize blood vessels in the whites of eyes as a means for authenticating identities false, and from making any other false and misleading descriptions and representations of fact.

iii. An Order (a) requiring an accounting of Defendant's profits pursuant to Defendant's unlawful activities and (b) awarding all of said profits to Plaintiff as damages sustained by Plaintiff due to Defendant's acts complained of herein.

iv. An Order trebling the award of Defendant's profits and Plaintiff's damages in view of the reckless, willful, and intentional nature of Defendant's conduct.

v.     Plaintiff to be awarded punitive damages.

vi.     Plaintiff to be awarded pre-judgment interest.

vii.     Plaintiff to be awarded its costs and reasonable attorneys' fees and costs associated with bringing this action.

viii.     Plaintiff to be awarded such other and further relief as the Court may deem just and equitable under the circumstances herein.

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable to a jury.

Dated: September 4, 2015　　　　　　Respectfully submitted,
　　　　　White Plains, New York

　　　　　　　　　　　　　　　　　　　LEASON ELLIS LLP

　　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　Peter S. Sloane
　　　　　　　　　　　　　　　　　　　Yuval H. Marcus
　　　　　　　　　　　　　　　　　　　Cameron S. Reuber

　　　　　　　　　　　　　　　　　　　One Barker Avenue, Fifth Floor
　　　　　　　　　　　　　　　　　　　White Plains, New York 10601
　　　　　　　　　　　　　　　　　　　Phone: (914) 288-0022
　　　　　　　　　　　　　　　　　　　Fax: (914) 288-0023

　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*